UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
JOSE H. CERVANTES,           ) 1:10-cv–00963-SMS-HC
                             )
         Petitioner,         ) ORDER DISMISSING PETITION FOR
                             ) WRIT OF HABEAS CORPUS
                             )
    v.                       ) ORDER DECLINING TO ISSUE A
                             ) CERTIFICATE OF APPEALABILITY
DARREL G. ADAMS,             )
                             ) ORDER DIRECTING THE CLERK TO
         Respondent.         ) CLOSE THE CASE
                             )
_____) ORDER DIRECTING THE CLERK TO MAIL
                               A CIVIL RIGHTS FORM TO PETITIONER
```

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on June 7, 2010 (doc. 5).

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Habeas Rule 4, Adv. Comm. Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Conditions of Confinement

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976

2

Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In this case, Petitioner is an inmate of the California State Prison at Corcoran. Petitioner alleges that he has been housed in the security housing unit as a result of a gang validation finding which Petitioner alleges is unsupported by reliable evidence. Petitioner's allegations concern only the conditions of his confinement. Petitioner does not allege facts that point to a real possibility of constitutional error that affects the legality or duration of his confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.

Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk will be directed to send an appropriate form complaint to Petitioner.

III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial

of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

Here, because Petitioner's claims relate only to conditions of confinement, jurists of reason would not find it debatable whether the Court was correct in its ruling. Accordingly, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court declines to issue a certificate of appealability.

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 28 U.S.C. § 1983; and

2) The Clerk of Court is DIRECTED to close the case because this order terminates the action in its entirety; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to mail to Petitioner a form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 by a person in custody.

IT IS SO ORDERED.

**Dated:   January 20, 2011**            /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE